UNITED STATES COURT OF APPEALS

**Filed 6/10/96**                                   TENTH CIRCUIT

UNITED STATES OF AMERICA,            )
                                     )
    Plaintiff-Appellee,          )
                                     )
vs.                                  )          No. 96-1020
                                     )     (D.C. No. 92-CR-248)
JORGE CARLOS RODRIQUEZ,              )          (D. Colo.)
                                     )
    Defendant-Appellant.         )

ORDER AND JUDGMENT[*]

Before BALDOCK, BRORBY, and EBEL, Circuit Judges.

Defendant Jorge Carlos Rodriquez appeals the district court's order deferring ruling on his Motion to Bar Prosecution on Double Jeopardy grounds. We exercise jurisdiction under 28 U.S.C. § 1291, and the collateral order exception to the final-judgment rule, Abney v. United States, 431 U.S. 651 (1977), and remand for further proceedings consistent with this opinion.

I.

In July 1992, a grand jury indicted Defendant and co-defendant Osmay Perez-Herrera for federal cocaine offenses. In April 1993, the government

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

administratively forfeited approximately $1 million in Florida properties, as well as various personal property owned by Defendant. It is not clear from the record whether the government notified Defendant of the forfeiture proceedings. Defendant apparently did not file a claim of ownership or contest the forfeiture proceedings.

In July 1994, the grand jury returned a superseding indictment, charging Defendant with conspiracy to possess with intent to distribute cocaine and to distribute cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A).

In October 1995, Defendant filed a Motion to Bar Prosecution on Double Jeopardy grounds. Defendant argued that the government was impermissibly subjecting him to multiple punishment for the same offenses, in violation of the Fifth Amendment Double Jeopardy Clause. Defendant contended that the government first punished him for the underlying drug offenses by forfeiting the various properties, and sought to punish him a second time for the same offenses through criminal prosecution. Defendant requested the court bar prosecution and dismiss the indictment.

On January 2, 1996, the district court entered an order deferring ruling on Defendant's Motion to Bar Prosecution until after the criminal trial. The court determined the motion was premature, stating:

> that because the only aspect of the double jeopardy clause involved in this case is double punishment and because the trial of the case does not involve punishment and the issue of punishment only arises after there are verdicts or findings of guilty on counts which may relate to the bases for civil

2

forfeiture, the motions are premature and should be reserved for determination prior to sentencing.

This appeal followed.

## II.

The parties dispute our jurisdiction over the instant interlocutory appeal. We adopt our analysis set forth in part II.A of the companion appeal of United States v. Perez-Herrera, No. 96-1023, ___ F.3d ___ (10th Cir.) (slip op.), and conclude 28 U.S.C. § 1291 and the collateral order exception to the final-judgment rule, Abney v. United States, 431 U.S. 651 (1977), empower us to review the district court's order. We adopt our analysis in part II.B of Perez-Herrera and conclude the district court should have ruled on Defendant's Motion to Bar Prosecution. We REMAND to the district court with instructions to conduct further proceedings consistent with this opinion and rule on Defendant's Motion to Bar Prosecution.

REMANDED for further proceedings consistent with this opinion.

Entered for the court,

Bobby R. Baldock
Circuit Judge